**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE E. GOMES,<br><br>        Plaintiff,<br><br>  v.<br><br>NICHOLAS KOUMJIAN, et al.,<br><br>        Defendants. | Case No. CV 18-2801 SVW (SS)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## INTRODUCTION

Plaintiff Lawrence E. Gomes, a California state prisoner proceeding pro se, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 1, 2018.[1] ("Compl.," Dkt. No. 1). Congress mandates that district courts perform an initial

---

[1] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to § 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The Court adopts the date Plaintiff signed the Complaint as this action's constructive filing date. See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014).

screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Court DISMISSES the Complaint with leave to amend.[2]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues (1) Los Angeles County Deputy District Attorney Nicholas Koumjian, and (2) Los Angeles Police Department ("LAPD") Officer Doyal G. Stepp. (Compl. at 3). Both Defendants are sued in their official capacity only. (Id.).

The Complaint is nearly devoid of factual allegations. However, Plaintiff appears to contend that D.D.A. Koumjian, who

---

[2] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (finding that "the dismissal of a complaint with leave to amend is a non-dispositive matter"). Consistent with McKeever, the Court concludes that its Order Dismissing Complaint with Leave to Amend is a non-dispositive Order. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District Judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015).

apparently was the prosecutor in Plaintiff's criminal trial, deliberately withheld "all relevant exculpatory never seen LAPD/scientific fingerprint material and reports, information, knowing that it was relevant and material to the fraud[ulent] three strike conviction in Case BA122204[.]"[3] (Id. at 5). Plaintiff further alleges that Officer Stepp fabricated fingerprint evidence against him and Koumjian knowingly used Stepp's false report during

---

[3] According to the California Court of Appeal, in 1996, a Los Angeles County Superior Court jury found Plaintiff guilty of first degree residential burglary in Case No. BA122204. See People v. Gomes, 2013 WL 6192435, at *1 (Cal. Ct. App. Nov. 27, 2013). The amended information in that case had alleged that Plaintiff had suffered "eleven prior serious felony convictions that were brought and tried on nine separate occasions" within the meaning of Cal. Penal Code § 667(a)(1), and seven prior "serious or violent felony convictions" within the meaning of Cal. Penal Code §§ 1170.12(a)-(d) and 667(b)-(i). Id. However, "[p]ursuant to an agreement with the prosecutor, [Plaintiff] admitted two prior 'strikes' in exchange for the prosecutor dismissing all of the alleged five-year priors, and running his sentence on his probation violations concurrent with the burglary sentence. On January 31, 1997, the court sentenced [Plaintiff] to state prison for a term of 25-years-to-life." Id.

The California Court of Appeal affirmed Plaintiff's conviction and sentence on January 28, 1998. (See California Courts Appellate Court Case Information, Second Appellate Dist. Case No. B109694, at http://appellatecases.courtinfo.ca.gov/). The California Supreme Court denied Plaintiff's petition for review on April 15, 1998. (Id., California Supreme Court Case No. S068380). Plaintiff remains incarcerated pursuant to his 1996/1997 conviction and sentence. (See California Department of Corrections and Rehabilitation Inmate Locator website, https://inmatelocator.cdcr.ca.gov/ (reflecting Plaintiff's admission to CDCR custody on March 11, 1997)).

The Court takes judicial notice of Plaintiff's prior state court proceedings. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

his trial, which took place between September 16-20, 1996. (Id.). Koumjian's Brady violation[4] and Stepp's false testimony caused Plaintiff to spend the last twenty-three years in prison, where he has suffered "rape, loss of family, illness, hep[atitis] A, B, C, pain, mental anguish, 8 heart attacks, [and] time away from his children[.]" (Id.).

The Complaint seeks $20 million in aggregate damages for the physical and psychological injuries that Plaintiff has suffered while incarcerated. (Compl. at 6). Plaintiff anticipates that he will be paroled on February 28, 2019, and requests a jury trial in this matter upon his release. (Id.).

## III.

## DISCUSSION

Under 28 U.S.C. section 1915A(b), the Court must dismiss the Complaint due to multiple pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). It is highly questionable whether Plaintiff will be able to cure the substantial procedural and substantive defects in the Complaint. However, because Plaintiff is proceeding pro

---

[4] See Brady v. Maryland, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.").

4

se, the Court will grant Plaintiff an additional opportunity to state a claim. Accordingly, for the reasons stated below, the Complaint is DISMISSED, with leave to amend.

**A.  The Complaint Violates Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). Here, the Complaint says too little.

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought. Without more specific information, Defendants cannot respond to the Complaint. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty

understanding and responding to the complaint). Additionally, the Complaint's passing references to "deliberate indifference" and the Americans with Disabilities Act are confusing because it does not appear that either named Defendant had any responsibility whatsoever for Plaintiff's conditions of confinement following his conviction. (Compl. at 5). Furthermore, the Complaint's citations to "Assembly Bill No. 1909" and California Penal Code § 141 are unnecessary and fail to show a violation of a <u>federal</u> constitutional right. (<u>Id.</u> at 3). Accordingly, the Complaint is dismissed, with leave to amend.

**B.    Plaintiff's Claims May Be Barred By The Statute Of Limitations**

Plaintiff appears to contend that Koumjian and Stepp violated his civil rights during the course of his 1996 trial and related proceedings. The Court advises Plaintiff that his claims, which are based entirely on actions that occurred well more than twenty years ago, may be barred by the statute of limitations.

"The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822, 828 (9th Cir. 2003). Effective January 1, 2003, the statute of limitations for personal injury actions in California is two years. <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1). However, prior to that date, the statute of limitations was one year. <u>Maldonado v. Harris</u>, 370 F.3d 945, 955

(9th Cir. 2004). Because the statute extending the statute of limitations for personal injury actions from one year to two years "does not apply retroactively, any cause of action that was more than one-year old as of January 1, 2003 would be barred under the previous one-year statute of limitations." Canatella, 486 F.3d at 1132-33; see also Maldonado, 370 F.3d at 955 ("In enacting the new two-year statute of limitations, the California Legislature made it applicable retroactively only to the victims of the terrorist attacks of September 11, 2001.").

While state law determines the statute of limitations for § 1983 claims, "'federal law determines when a civil rights claim accrues.'" Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). Under federal law, "a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas, 567 F.3d at 1109; Maldonado, 370 F.3d at 955.

When a federal court borrows the state statute of limitations, it also borrows the state's tolling rules. Canatella, 486 F.3d at 1132. This applies to both statutory and equitable tolling. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

California Civil Procedure Code § 352.1(a), enacted on January 1, 1995, provides that when a plaintiff is "imprisoned on a criminal charge" for "a term less than life" at the time a claim accrues, the statute of limitations is statutorily tolled during the time of his imprisonment for up to two more years. See Cal. Civ. Proc. Code § 352.1(a); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing same). The California Court of Appeal has held as a matter of first impression in a recent decision that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 [only] if he or she is serving a term of imprisonment in the state prison." Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018). Accordingly, the Austin court found that an arrestee who was in pretrial custody in a county jail at the time his claims accrued was not "imprisoned on a criminal charge" for purposes of § 352.1 and the statute's automatic tolling provisions did not apply. Id.; see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued").

Whether or not a prisoner plaintiff is entitled to the automatic tolling provisions of § 352.1, equitable tolling may still extend the running of the statute of limitations. "Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" Jones, 393 F.3d 918, 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably

toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

It is not entirely clear from the Complaint when Plaintiff's claims accrued. According to the Ninth Circuit, a claim that fabricated evidence was used to obtain a conviction accrues when the plaintiff learns of the fabrication, even if challenges to the conviction are still pending. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 762 (1991). Here, Plaintiff alleges that Koumjian withheld exculpatory evidence from Plaintiff prior to trial and knowingly used false evidence created by Stepp during trial, which suggests that Plaintiff may have learned of the facts giving rise to his claims at some point between the close of evidence in his criminal trial and at the conclusion of his direct appeals. However, the Complaint does not provide sufficient information for the Court to determine whether the statute of limitations began to run during that period or on some other date. Similarly, the Complaint's allegations do not address Plaintiff's entitlement to equitable tolling.

To the extent that Plaintiff is attempting to raise claims based on what Defendants did or did not do in 1996, he is advised that such claims may be barred by the statute of limitations. In any amended complaint, Plaintiff should consider whether his claims are subject to a statute of limitations bar, and whether grounds

for tolling exists. Plaintiff is advised that this Order is not a dispositive ruling on any issue. Instead, the Court is dismissing certain claims that are defective, but granting leave to amend. Furthermore, the Court is not making any dispositive ruling on the timeliness of the Complaint or the claims in the Complaint. Rather, the Court is simply advising Plaintiff of this potential issue and raising it for Plaintiff's consideration in any amended complaint.

**C. Plaintiff's Claims May Be Barred By The *Heck* Doctrine Because His Conviction Has Not Been Vacated Or Reversed**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil rights complaint for money damages must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. However, the Heck Court also explained that if a "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487 (footnotes omitted). Even where a claim survives the Heck bar, to obtain money damages, the plaintiff must show that the defendant's actions "caused him actual, compensable injury," which "does not encompass the 'injury' of being convicted

and imprisoned (until his conviction has been overturned)." Id. at 487 n.7.

Accordingly, the Ninth Circuit has found that a claim alleging that defendants falsified a warrant application was Heck-barred because it challenged the "search and seizure of the evidence upon which [plaintiff's] criminal charges and convictions were based.". Whitaker v. Garcetti, 486 F.3d 572, 583-84 (9th Cir. 2007). However, the Ninth Circuit also instructs that Heck would not preclude an excessive force claim "[b]ecause a successful section 1983 action for excessive force would not necessarily imply the invalidity of [plaintiff's] arrest or conviction[.]" Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Several courts have explicitly found that prisoner civil rights claims alleging the fabrication of evidence or Brady violations are barred by Heck until the prisoner's conviction has been overturned. See, e.g., Cooper v. Ramos, 704 F.3d 772, 785 (9th Cir. 2012) ("Successfully litigating [plaintiff's] claims of an evidence tampering conspiracy would necessarily implicate the validity of his state criminal conviction. These claims are not cognizable unless [plaintiff's] conviction is vacated, overturned, or invalidated.") (citing Heck, 512 U.S. at 486-87); Sexual Sin De Un Abdul Blue v. City of Los Angeles, 2010 WL 890172, at *7 (C.D. Cal. Mar. 8, 2010) ("[A] successful showing that Officer Craig fabricated evidence and gave false testimony in order to convict plaintiff would necessarily imply the invalidity of plaintiff's conviction of a parole violation. Accordingly, plaintiff's claim is barred by Heck and must be dismissed."); Whitmore v. Dort, 2015

WL 12859233, at *3 (S.D. Cal. Oct. 7, 2015) ("[A] claim that involves allegations of a constitutional violation under Brady v. Maryland is clearly barred by Heck."); Williams v. Pfeiffer, 2016 WL 943840, at *3 n.4 (C.D. Cal. Feb. 3, 2016), adopted, 2016 WL 953193 (C.D. Cal. Mar. 11, 2016) (action raising "Brady-based claim failed to state a claim upon which relief could be granted[] because it was barred" by Heck and therefore qualified as third "strike" pursuant to 28 U.S. § 1915(g)).

If successful, Plaintiff's claims regarding Defendants' fabrication and withholding of evidence would appear to undermine the validity of Plaintiff's conviction, contrary to the Heck doctrine. However, Plaintiff will be given leave to amend so that he may attempt to cure this deficiency, to the extent he is able. If Plaintiff chooses to pursue his claims, he should allege facts (1) identifying the particular evidence that Koumjian allegedly withheld and that Stepp fabricated, and (2) showing how granting the claims would not necessarily imply the invalidity of Plaintiff's conviction for first degree residential burglary or his prior strikes admissions. Accordingly, the Complaint is dismissed, with leave to amend.

**D.  The Complaint's Claims Against Koumjian May Be Barred By The Doctrine Of Absolute Prosecutorial Immunity**

Even if Plaintiff is able to plead around the Heck bar, his claims against D.D.A. Koumjian for actions taken in his role as an advocate for the state in Plaintiff's criminal trial may be barred

12

by the doctrine of absolute prosecutorial immunity, which "applies to § 1983 claims." Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 842 (9th Cir. 2016). Pursuant to that doctrine, "[s]tate prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" Id. (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Kalina v. Fletcher, 522 U.S. 118, 131 (1997)). Prosecutorial immunity applies in such instances even when the act is "malicious or dishonest." Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005). Accordingly, a prosecutor is absolutely immune from suit for "'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to seek an indictment has been made.'" Garmon, 828 F.3d at 843 (quoting Imbler, 424 U.S. at 431; Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). A prosecutor is also protected by absolute immunity "in connection with the preparation of an arrest warrant," during "appearances before a grand jury," "in a probable cause hearing," and "in trial." Lacey v. Maricopa Cnty., 693 F.3d 896, 933 (9th Cir. 2012) (citing Kalina, 522 U.S. at 129); Burns v. Reed, 500 U.S. 478, 490 & n.6 (1991); Imbler, 424 U.S. at 430-31); see also Milstein v. Cooley, 257 F.3d 1004, 1012 (9th Cir. 2001) ("Appearing in court to argue a motion is a quintessential act of advocacy.").

\\

\\

Absolute immunity applies even if it "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." Imbler, 424 U.S. at 432; see also Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges. . . . A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial."). However, prosecutors are entitled only to "qualified immunity, rather than absolute immunity, when they perform administrative functions, or 'investigative functions normally performed by a detective or police officer.'" Genzler, 410 F.3d at 636 (quoting Kalina, 522 U.S. at 126).[5]

Courts look to the "nature of the function performed" when determining if a prosecutor's actions are those of an advocate, which are protected by absolute immunity, or of an administrator or investigator, which are not. Garmon, 828 F.3d at 843 (quoting Buckley, 509 U.S. at 269). For example, "decisions to hire, promote, transfer and terminate" employees, "which do not affect

---

[5] "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation omitted). In analyzing whether qualified immunity applies, a court must determine "whether, taken in the light most favorable to Plaintiffs, Defendants' conduct amounted to a constitutional violation, and . . . whether or not the right was clearly established at the time of the violation." Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 971 (9th Cir. 2010) (citation and alteration omitted).

14

the prosecutor's role in any particular matter," are generally deemed administrative functions not protected by absolute immunity. Lacey, 693 F.3d at 931.  Similarly, "[a]bsolute immunity does not apply when a prosecutor 'gives advice to police during a criminal investigation,' 'makes statements to the press,' or 'acts as a complaining witness in support of an arrest warrant application.'" Garmon, 828 F.3d at 843 (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009)) (brackets omitted; emphasis added); see also Milstein, 257 F.3d at 1101 (filing a false crime report is not protected by absolute immunity).  Absolute immunity also does not apply if a prosecutor knowingly fabricates evidence. Garmon, 828 F.3d at 843; see also Genzler, 410 F.3d at 638 (absolute immunity did not apply where prosecutor told witness to lie in meeting held prior to preliminary hearing because the prosecutor was "engaged in the process of acquiring or manufacturing evidence during performance of police-type investigative work").

The specific bases and scope of Plaintiff's claims against Koumjian are not clearly articulated.  Accordingly, it is uncertain whether they are barred, in whole or in part, by the doctrine of absolute prosecutorial immunity.  Plaintiff is cautioned that Koumjian's actions as an advocate are likely to be so protected. However, Plaintiff will be given leave to amend so that he may attempt to cure this deficiency, to the extent he is able.  If Plaintiff chooses to pursue his claims against Koumjian, he should allege facts showing that the actions taken by Koumjian that form the basis of his claims fell outside his role as an advocate. Accordingly, the Complaint is dismissed, with leave to amend.

15

1    **E.   The Complaint Fails To State A Claim Against Defendants In Their Official Capacity**

Plaintiff sues Defendants in their official capacities only. (Compl. at 3). A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity).

According to the Ninth Circuit, a California county district attorney is a state official, not a county official, when performing prosecutorial functions. See Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008); Weiner v. San Diego County, 210 F.3d 1025, 1028-29 (9th Cir. 2000) (San Diego County D.A. acted as agent of the state, not the county, in allegedly withholding exculpatory evidence from a defendant). Accordingly, a claim against Koumjian in his official capacity is functionally a claim against the state. Stepp, an LAPD officer, is an employee of the City of Los Angeles. Accordingly, a claim against Stepp in his official capacity is functionally a claim against the City of Los Angeles. For different reasons, Plaintiff's official capacity claims against Koumjian and Stepp fail to state a claim.

### 1. The Eleventh Amendment Bars Claims For Money Damages Against Koumjian In His Official Capacity

While a state employee may be sued for money damages in his or her <u>individual</u> capacity, the Eleventh Amendment bars claims for money damages against state employees in their <u>official</u> capacity. <u>Hafer v. Melo</u>, 502 U.S. 21, 27 (1991). Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Brown v. Cal. Dept. of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." <u>Flint v. Dennison</u>, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). Therefore, state officials sued for money damages in their official capacity under § 1983 are generally entitled to immunity. <u>Id.</u> at 825. However, the Eleventh Amendment does not bar official capacity claims against state officials under § 1983 for prospective injunctive relief. <u>Id.</u> (citing <u>Graham</u>, 473 U.S. at 167 n.14).

A claim against Koumjian in his official capacity is essentially a suit against the State of California. Plaintiff does not seek prospective injunctive relief, but instead prays only for money damages. Accordingly, Plaintiff's claims for money damages against Koumjian in his <u>official</u> capacity are barred by the Eleventh Amendment and must be dismissed.

17

## 2. Plaintiff's Claims Against Stepp In His Official Capacity Are Barred By The Monell Doctrine

Unlike a state, a local governmental entity, such as a city or county, may be liable for money damages in a § 1983 action. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.54 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (extending Monell's analysis of municipal liability to counties). However, a local government entity is not liable under § 1983 simply because its employees violated the plaintiff's constitutional rights. Monell, 436 U.S. at 691. To assert a valid section 1983 claim against a municipal defendant, a plaintiff must show both a deprivation of constitutional rights and a departmental policy, custom or practice that was the "moving force" behind the constitutional violation. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." See id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

Plaintiff's claims against Stepp in his official capacity are essentially claims against the City of Los Angeles. However, Plaintiff does not identify a City of Los Angeles policy, custom or practice that led to his alleged injury. As such, Plaintiff fails to state a valid constitutional claim against the City. Accordingly, the Complaint is dismissed, with leave to amend.

\\
\\

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **<u>Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint</u>**. The First Amended Complaint, if any, shall be complete in itself and shall not refer in any manner to the original Complaint. Its caption page shall bear the designation "First Amended Complaint" and the case number assigned to this action.

The First Amended Complaint should be short and concise. In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant (by name) against whom the claim is asserted, and make clear which specific factual allegations support each separate claim. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant

details.  It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience. If Plaintiff utilizes the Notice of Dismissal, he is instructed to clearly state whether he is dismissing the entire action or only certain claims or certain Defendants.</u>**

DATED: June 15, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**